UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETZ WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT JURY SERVICES, et al.,<br><br>  Defendants. | Case No. 24-cv-01344-TSH<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

## I. INTRODUCTION

Pending before the Court is Defendant Superior Court of California, County of San Francisco's Motion to Dismiss. ECF No. 17. Plaintiff Bretz Washington has failed to file an opposition or otherwise respond. As such, the Court ordered him to show cause by August 7, 2024, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. ECF No. 21. The Court warned Washington that the case may be dismissed if he failed to respond. As of today, no response has been received. Based on this procedural history, the Court finds it appropriate to dismiss this case for failure to prosecute.[1]

## II. LEGAL STANDARD

The Court possesses the inherent power to dismiss an action sua sponte "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962). Dismissal nonetheless is a harsh penalty and should be used only in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether dismissal is appropriate for the failure to comply with court orders or the failure to prosecute,

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 19.

courts consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### III.   DISCUSSION

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (internal quotations and citation omitted). In view of Plaintiff's failure to prosecute this matter and comply with court orders, this factor weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *Id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Plaintiff delayed adjudication of the claims in this case by failing to respond to Defendant's motion to dismiss and failing to respond to the show cause order, which "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Therefore, this factor also weighs in favor of dismissal.

Third, a defendant is prejudiced where the "plaintiff's actions impaired [the] defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (internal quotations and citation omitted). While the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," the risk of prejudice is also related to the plaintiff's reason for defaulting. *Id.* at 642-43. Despite being given an opportunity to do so, Plaintiff has provided no explanation for his failure to respond to Defendant's motion and failure to comply with the Court's orders. This failure to offer any explanation weighs in favor of dismissal. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."); *Chico v.*

*Wells Fargo Bank*, 2020 WL 2494506, at *2 (N.D. Cal. May 14, 2020) (concluding that the plaintiff's failure to provide any reason for the failure to prosecute "counsels in favor of dismissal.").

Fourth, "a district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. The Court has already attempted less drastic sanctions without success, including issuing a show cause order and giving Plaintiff an opportunity to explain the failure to prosecute. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Further, as Plaintiff failed to respond, another order requiring him to respond is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead). Moreover, the order to show cause warned Plaintiff of the risk of dismissal; thus, he cannot maintain the Court failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (citation omitted); *Ferdik*, 963 F.2d at 1262. This factor weighs in favor of dismissal.

Fifth, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *Id.* Thus, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Although this factor typically weighs against dismissal, Plaintiff has failed to move this case toward disposition on the merits. This factor is therefore neutral at best.

## IV.  CONCLUSION

Based on the analysis above, the Court finds at least four of the five factors weigh in favor

of dismissal. Plaintiff failed to respond to Defendant's motion to dismiss and failed to respond to the show cause order. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is dismissal without prejudice, which both minimizes prejudice to a defendant and preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court to consider whether dismissal should have been without prejudice). Accordingly, the Court **DISMISS** this case **WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders.

**IT IS SO ORDERED.**

Dated: August 15, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge